IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | |
|---|---|
| THULE, INC., <br><br> Plaintiff, <br><br> v. <br><br> COCOWEB.COM INC., <br><br> Defendant. | Civil Action No. <br><br><br> **JURY TRIAL DEMANDED** |

## COMPLAINT FOR PATENT AND TRADEMARK INFRINGEMENT AND UNFAIR COMPETITION

Plaintiff Thule, Inc. ("Thule"), by its attorneys, for its Complaint against defendant Cocoweb.com Inc. ("Cocoweb"), alleges as follows:

### THE PARTIES

1. Thule, Inc. is a corporation incorporated under the laws of Connecticut, having its principal place of business at 42 Silvermine Road, Seymour, Connecticut 06483.

2. On information and belief, Defendant Cocoweb.com Inc. is a corporation incorporated under the laws of Delaware, having its principal place of business at 3 Corporate Park, Suite 240, Irvine, California 92606.

### JURISDICTION AND VENUE

3. This Court has jurisdiction over the subject matter of this action under 28 U.S.C. §§ 1331 and 1338(a).

4. This Court has personal jurisdiction over Cocoweb because, upon information and belief, Cocoweb has transacted business in this District by selling, offering to sell, and/or

distributing products into the stream of commerce in such a way as to reach customers in this District, such products violating Thule's intellectual property rights.

5. Venue is proper in this District under 28 U.S.C. §§ 1391(b)(2) and 1400(b).

## BACKGROUND FACTS

6. Industri AB Thule (renamed Thule Sweden AB) is the owner of U.S. Patent No. 5,875,947 ("the '947 patent"), U.S. Patent No. 6,062,450 ("the '450 patent"), and U.S. Patent No. 6,023,821 ("the '821 patent") (collectively the "Asserted Patents"), all of which remain in full force and effect. Thule, Inc. is the exclusive licensee of the Asserted Patents, including the right to enforce against others in the United States.

7. The '947 patent, entitled "Centralized Handled Bicycle Fork Anchor," was duly and legally issued by the United States Patent and Trademark Office on March 2, 1999 from U.S. Patent Application No. 08/954,739. A copy of the '947 patent is attached hereto as Exhibit A.

8. The '450 patent, entitled "Fork Pinching Assembly for a Bicycle Anchor," was duly and legally issued by the United States Patent and Trademark Office on May 16, 2000 from U.S. Patent Application No. 09/259,441. A copy of the '450 patent is attached hereto as Exhibit B.

9. The '821 patent, entitled "Safety Device in a Clamping Strap with Clamp," was duly and legally issued by the United States Patent and Trademark Office on February 15, 2000 from U.S. Patent Application No. 09/112,522. A copy of the '821 patent is attached hereto as Exhibit C.

10. Since at least 2004, Thule has sold upright bike racks in the United States under the CRITERIUM trademark. The CRITERIUM trademark has become a valuable common law trademark of Thule by virtue of (1) having continuously identified Thule's products since at least

2004, and (2) extensive advertising and sales of Thule's CRITERIUM bike racks on Thule's website, third-party websites, and retail outlets throughout the United States. As a result of Thule's use of CRITERIUM for well over a decade, and its significant sales of its CRITERIUM product, the mark has become well-recognized and firmly associated with Thule and its bike racks in the minds of American consumers.

11. Upon information and belief, Cocoweb operates an Internet website <www.cocoweb.com> which is accessible throughout the United States, including in this District.

12. Upon information and belief, Cocoweb manufactures, sells, offers to sell, and/or imports, in and throughout the United States, products that practice one or more claims of each of the Asserted Patents and/or are marked with Thule's CRITERIUM trademark, including, but not limited to, Cocoweb's XTerrain Roof Bike Carrier 2 (SCR-XmBKFM), EarthMount H20 Kayak Foldable Car Roof Carrier (SCR-EMKA1), EarthMount H20 Pro 2 Kayak Foldable Car Roof Carrier (SCR-EMKA2), EarthMount H20 Universal Kayak, Canoe, & Board Car Roof Carrier (SCR-EMKASA), and XTerrain Criterium Roof Bike Carrier (SCR-XmBKCR).

13. Thule's reputation as a leader in the manufacture of the devices covered by the Asserted Patents has been irreparably harmed by the manufacture, sale, and/or offer for sale of Cocoweb's infringing products.

14. Cocoweb is aware of both Thule's various patents and products, as Thule is a leader in the industry and marks relevant materials and products with appropriate patent numbers, including the patents-in-suit, placing both the consuming public and the industry on notice of Thule's proprietary rights.

15. Cocoweb is not now, nor has it ever been, authorized or licensed to use or reproduce the CRITERIUM trademark, or authorized or licensed to engage in the activities about which Thule now complains.

16. Cocoweb's use of Thule's CRITERIUM trademark has and, if permitted to continue, will irreparably injure Thule and its mark CRITERIUM, Thule's reputation and goodwill associated with that mark, and Thule's reputation for exceedingly high-quality products.

17. Cocoweb's actions have and, if permitted to continue, are likely to cause confusion, mistake, or deception as to the source or origin of Cocoweb's products; are likely to falsely suggest a sponsorship, connection, license, or association of Cocoweb's products with Thule by virtue of the above; and will divert profits from Thule.

18. Thule has no adequate remedy at law.

## COUNT 1

### Infringement of U.S. Patent No. 5,875,947

19. Thule repeats and re-alleges paragraphs 1-18 as though fully set forth herein.

20. Upon information and belief, Cocoweb makes, uses, sells, offers to sell, and/or imports into the United States products that directly and/or indirectly infringe, literally and/or under the doctrine of equivalents, at least one claim of the '947 patent. Such products include at least Cocoweb's XTerrain Roof Bike Carrier 2 (SCR-XmBKFM).

21. Upon information and belief, Cocoweb actively, knowingly, and intentionally induced, and continues to actively, knowingly, and intentionally induce, infringement of the '947 patent by making, using, selling, offering for sale, and/or importing these products.

22. Thule has suffered and will continue to suffer damage from Cocoweb's infringing acts.

23. Thule is entitled to recover damages adequate to compensate it for Cocoweb's infringement.

24. Thule further has suffered and will continue to suffer irreparable harm from Cocoweb's infringing acts, unless Cocoweb's infringement of the '947 patent is enjoined.

## COUNT 2

### Infringement of U.S. Patent No. 6,062,450

25. Thule repeats and re-alleges paragraphs 1-18 as though fully set forth herein.

26. Upon information and belief, Cocoweb makes, uses, sells, offers to sell, and/or imports into the United States products that directly and/or indirectly infringe, literally and/or under the doctrine of equivalents, at least one claim of the '450 patent. Such products include at least Cocoweb's XTerrain Roof Bike Carrier 2 (SCR-XmBKFM).

27. Upon information and belief, Cocoweb actively, knowingly, and intentionally induced, and continues to actively, knowingly, and intentionally induce, infringement of the '450 patent by making, using, selling, offering for sale, and/or importing these products.

28. Thule has suffered and will continue to suffer damage from Cocoweb's infringing acts.

29. Thule is entitled to recover damages adequate to compensate it for Cocoweb's infringement.

30. Thule further has suffered and will continue to suffer irreparable harm from Cocoweb's infringing acts, unless Cocoweb's infringement of the '450 patent is enjoined.

## COUNT 3

### Infringement of U.S. Patent No. 6,023,821

31. Thule repeats and re-alleges paragraphs 1-18 as though fully set forth herein.

32. Upon information and belief, Cocoweb makes, uses, sells, offers to sell, and/or imports into the United States products that directly and/or indirectly infringe, literally and/or under the doctrine of equivalents, at least one claim of the '821 patent. Such products include at least Cocoweb's EarthMount H20 Kayak Foldable Car Roof Carrier (SCR-EMKA1), EarthMount H20 Pro 2 Kayak Foldable Car Roof Carrier (SCR-EMKA2), and EarthMount H20 Universal Kayak, Canoe, & Board Car Roof Carrier (SCR-EMKASA).

33. Upon information and belief, Cocoweb actively, knowingly, and intentionally induced, and continues to actively, knowingly, and intentionally induce, infringement of the '821 patent by making, using, selling, offering for sale, and/or importing these products.

34. Thule has suffered and will continue to suffer damage from Cocoweb's infringing acts.

35. Thule is entitled to recover damages adequate to compensate it for Cocoweb's infringement.

36. Thule further has suffered and will continue to suffer irreparable harm from Cocoweb's infringing acts, unless Cocoweb's infringement of the '821 patent is enjoined.

## COUNT 4

### Trademark Infringement and Unfair Competition Under Section 43(a)(1)(A) of the Lanham Act

37. Thule repeats and re-alleges paragraphs 1-18 as though fully set forth herein.

38. The aforesaid acts of Cocoweb are likely to cause confusion, mistake, or deception as to the origin, sponsorship, or approval of Cocoweb's products by or with Thule, and

thus constitutes false designation of origin in violation of Section 43(a)(1)(A) of the Trademark Act of 1946, as amended, 15 U.S.C. § 1125(a)(1)(A), and cause damage to Thule.

## COUNT 5

### Trademark Infringement and Unfair Competition Under
### CT Gen Stat § 35-11i, k

39. Thule repeats and re-alleges paragraphs 1-18 as though fully set forth herein.

40. The acts, conduct, and practices of Cocoweb alleged above constitute trademark infringement and unfair competition under CT Gen Stat § 35-11i, k. As a direct and proximate result of the acts, conduct, and practices of Cocoweb alleged above, Thule has been damaged and will continue to be damaged.

## COUNT 6

### Trademark Infringement and Unfair Competition Under Common Law

41. Thule repeats and re-alleges paragraphs 1-18 as though fully set forth herein.

42. The aforesaid willful and deliberate acts of Defendant constitute common law trademark infringement, misappropriation of Thule's goodwill, and unfair competition in Connecticut and in other states where Cocoweb sells, offers for sale, and/or advertises its goods, including this District, and is a violation of the common law of Connecticut, and laws of other states, by reason of which Thule has suffered, and will continue to suffer, irreparable injury.

**PRAYER FOR RELIEF**

WHEREFORE, Thule respectfully asks this Court to enter judgment against Cocoweb and against its respective subsidiaries, parents, successors, affiliates, officers, agents, servants, employees, and all persons in active concert or participation with Cocoweb, granting the following relief:

A. A judgment that Cocoweb has infringed and is infringing the '947 patent;

B. A judgment that Cocoweb has infringed and is infringing the '450 patent;

C. A judgment that Cocoweb has infringed and is infringing the '821 patent;

D. A judgment that Cocoweb has infringed and is infringing Thule's CRITERIUM trademark;

E. An award of all appropriate damages under 35 U.S.C. § 284 for infringement of the Asserted Patents and trademark, including compensatory damages and enhanced damages as appropriate;

F. A permanent injunction prohibiting further infringement of the Asserted Patents;

G. A permanent injunction enjoining Cocoweb and its officers, directors, employees, agents, subsidiaries, distributors, dealers, and all persons in active concert or participate with any of them from using the CRITERIUM trademark or any confusingly similar mark in connection with bike racks or related goods, or from using any mark likely to dilute the distinctive quality of Thule's CRITERIUM mark;

H. Requiring that Cocoweb surrender for destruction all products, packaging, labels, advertisements, art work, brochures, and all other materials that bear the mark CRITERIUM, or any mark, name, or drawing confusingly similar thereto, in any form or in any manner;

I.  An order, pursuant to 35 U.S.C. § 283, enjoining Cocoweb and all persons in active concert or participation with Cocoweb from any further infringement of the Asserted Patents and trademark;

J.  Awarding Thule monetary relief including damages sustained by Thule in an amount not yet determined, and Cocoweb's profits;

K.  A finding that this case is exceptional within the meaning of 35 U.S.C. § 285 and an award to Thule of its attorneys' fees and costs in prosecuting this action; and

L.  Such other and further relief as this Court or a jury may deem just and proper.

## JURY DEMAND

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Thule demands a trial by jury on all issues so triable.

Respectfully Submitted,

Scott M. Harrington, Esq., CT02482
DISERIO, MARTIN, O'CONNOR & CASTIGLIONI
One Atlantic Street
Stamford, CT 06901
Telephone: (203) 358-0800
Fax: (203) 348-2321
sharrington@dmoc.com

Attorney for Plaintiff Thule, Inc.

Of Counsel,
*pro hac vice* to be filed:

Mark W. Rygiel
Monica Riva Talley
Jason A. Fitzsimmons
STERNE, KESSLER, GOLDSTEIN & FOX PLLC
1100 New York Ave., N.W.
Washington, DC 20005
(202) 371-2600
mrygiel@skgf.com
mtalley@skgf.com
jfitzsimmons@skgf.com

Dated: November 5, 2015